**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**



| | | |
|---|---|---|
| MARGARET K. SMITH, | § | |
| others similarly situated, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. _____ |
| | § | |
| SYNDICATED OFFICE SYSTEMS, | § | |
| INC., doing business as | § | |
| CENTRAL FINANCIAL CONTROL, | § | |
| Defendant. | § | |

JUDGE DAVID BRIONES

EP07CA0131

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.   Plaintiff, Margaret K. Smith, brings this action against defendant Syndicated Office Systems, Inc., doing business as Central Financial Control for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and state law.

### JURISDICTION AND VENUE

2.   This Court has jurisdiction under 28 U.S.C. §§1331 (general federal question) and 1337 (interstate commerce) and 15 U.S.C. §1692k (FDCPA).

3.   Venue and personal jurisdiction in this District are proper because:

    a.   Defendant's collection communications and activities occurred within the District and impacted plaintiff within this District;

    b.   Defendant does or transacts business within this District.

### PARTIES

4.   Plaintiff, Margaret K. Smith, is an individual who resides in El Paso, TX.

5.   Defendant Syndicated Office Systems, Inc. (hereinafter "Syndicated") is a corporation chartered under the laws of the State of California and does business in Texas. Its registered agent and office are CT Corporation System, 350 N. St. Paul St., Dallas, TX 75201. Syndicated conducts business using various assumed names, one of which is Central Financial Control.

6.   Defendant Syndicated is engaged in the business of collecting health care debts owed to others, using the mails and telephones for that purpose

7.   Defendant Syndicated is a debt collector as defined in the Federal Fair Debt Collection Practices Act 15 U.S.C. § 1692 *et. seq.* (hereinafter "FDCPA").

## FACTS

8.   Defendant Syndicated sought to collect from plaintiff an alleged health care debt owed to Tenet Healthcare Corporation, d/b/a Rio Vista Rehabilitation Hospital.

9.   Any such debt would have been incurred for personal, family or household purposes.

10.   On or about February 6, 2007, defendant sent plaintiff the collection letter attached as Exhibit A.

11.   Exhibit A states that the medical provider has placed the account "for immediate collection" and that "prompt payment will protect your valuable credit standing. . . . To avoid further collection action, please forward payment by return mail." Exhibit A contains a "payment due date" that is 15 days after the date of the letter, thus defining what is meant by "immediate," "prompt," and "by return mail."

## VIOLATIONS ALLEGED

12.   The above-quoted statements overshadow and contradict the notice of rights on the reverse of Exhibit A, in violation of 15 U.S.C. §1692g.

## CLASS ALLEGATIONS

13.   Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

14.   The class consists of (a) all individuals with Texas addresses (b) who were sent a letter in the form represented by Exhibit A, (c) which letter was sent on or after a date one year prior to the filing of this action and not more than 20 days after the filing of this action.

15.   The class is so numerous that joinder of all members is not practicable.

16.   There are more than 40 individuals with Texas addresses who were sent a letter in the form represented by Exhibit A, which letter was sent on or after a date one year prior to the filing of this action and not more than 20 days after the filing of this action.

17.   There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

2

18.   Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

19.   Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

20.   A class action is superior for the fair and efficient adjudication of this matter, in that:

     a.     Individual actions are not economically feasible.

     b.     Class members are likely to be unaware of their rights.

     c.     Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of plaintiff and the class members and against defendant for:

     (1)     Statutory damages;

     (2)     Attorney's fees, litigation expenses and costs of suit;

     (3)     Such other and further relief as the Court deems proper.

**SCOTT A. VOGELMEIER**

Scott A. Vogelmeier
LAW OFFICE OF SCOTT A. VOGELMEIER
303 Texas Avenue, Suite 502
El Paso, TX 79901
(915) 544-3100
(915) 577-0160 (FAX)

Daniel A. Edelman
James O. Latturner
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

3

## JURY DEMAND

Plaintiff demands trial by jury.

SCOTT A. VOGELMEIER